Filed 4/17/13  P. v. Villareal CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAIME VILLAREAL,<br><br>    Defendant and Appellant. | D061442<br><br><br>(Super. Ct. No. JCF27644) |


APPEAL from a judgment of the Superior Court of Imperial County, Raymond A. Cota, Judge.  Affirmed.


Jaime Villareal entered a no contest plea to one count of robbery (Pen. Code,[1] § 211) as part of a plea agreement.  The remaining count was dismissed.

At the time originally set for sentencing, defense counsel indicated that Villareal may wish to withdraw his plea.  Counsel requested, with apparent agreement of the defendant, that the court appoint an additional attorney to investigate possible grounds for

---

1       All further statutory references are to the Penal Code unless otherwise specified.

a motion to withdraw the plea. Over the prosecutor's objection, the court appointed an additional attorney for the limited purpose of exploring a motion to withdraw Villareal's plea.

At a subsequent hearing new counsel advised that he could not find any meritorious grounds for a motion to withdraw the plea. The matter was called for sentencing. Villareal's original counsel was not available that day, so the defendant was represented by another attorney from the Public Defender's office. After the court denied a defense motion for further continuance, Villareal brought what was called a "*Marsden*"[2] motion. The court denied the so-called "*Marsden*" motion and sentenced Villareal to a determinate term of two years in prison, consistent with the plea agreement.

Villareal appeals contending the court committed prejudicial error in appointing separate counsel to review a motion to withdraw his plea, without first conducting an appropriate *Marsden* motion. While we agree the trial court erred in appointing an additional attorney to represent Villareal, the record clearly demonstrates there was no prejudice. Original trial counsel was never relieved and Villareal never sought to have that attorney replaced. Indeed, as we will discuss, in Villareal's so-called *Marsden* motion made at the sentencing hearing, he specifically requested that his original attorney

---

2     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

represent him.[3] Thus we will find no prejudice and affirm, although we disapprove of the procedure followed by the trial court in this case.

We will omit the usual statement of facts because the facts of the underlying offense are not relevant to the resolution of the issues on this appeal.

DISCUSSION

Relying of *People v. Sanchez* (2011) 53 Cal.4th 80, 90 (*Sanchez*), Villareal contends the trial court prejudicially erred in appointing "separate" counsel to consider his possible motion to withdraw his plea, without first conducting a *Marsden* motion. He asserts he was prejudiced simply because the court granted the request for separate counsel without conducting a *Marsden* hearing. He does not identify any other prejudice he might have suffered.

A. *Legal Principles*.

In *Sanchez*, the Supreme Court disapproved the process, used by many courts, of appointing new counsel for a possible new trial motion, or motion to withdraw a plea, and then reappointing trial counsel if such a motion is not successfully brought. The court held that trial courts should first conduct a *Marsden* hearing on the defendant's request and then either deny the request or appoint new counsel for all purposes.

---

3    Villareal's appointed counsel, Mr. Brian Bill, was not present at the time of sentencing. Another attorney from the Public Defender's office was "standing in" for Mr. Bill. In his *Marsden* hearing, Villareal requested that he be represented by Mr. Bill. However, no issue has been raised on this appeal regarding the defendant's request to have his regular attorney appear at sentencing. Accordingly, we simply note the nature of the defendant's actual request as a fact bearing on the issue actually raised. We will not discuss any issue regarding the specific request for Mr. Bill to be present at sentencing.

(*Sanchez, supra* 53 Cal.4th at pp. 89-91.)  The court noted, however, that before a trial court must conduct a *Marsden* hearing, the defendant must make some indication that he or she wants a "substitute attorney."  (*Id*. at pp. 89-90.)

When a defendant seeks to discharge trial counsel based on inadequate representation the court must permit the defendant an opportunity to tell the court about counsel's alleged deficiencies.  (*People v. Fierro* (1991) 1 Cal.4th 173, 204.)  The decision to grant or deny the request for substitute counsel will be reviewed under the abuse of discretion standard.  We will not reverse a denial of a motion to substitute counsel unless the record shows the defendant's right to effective assistance of counsel has been "substantially impaired."  (*People v. Abilez* (2007) 41 Cal.4th 472, 487-488.)

### *B.  Analysis*

In the present case, the defendant never asked to have his trial counsel, Mr. Bill, relieved.  Rather he sought, through counsel, to gain the benefit of an *additional* attorney to evaluate his case for a possible motion to withdraw his plea.  Villareal did not express any dissatisfaction with trial counsel.  He did bring a motion, which he styled as a *Marsden* motion.  The trial court met with Villareal, who expressed the wish to have Mr. Bill present for sentencing.  He also offered reasons for why there may have been a problem with information provided to him prior to his plea when there was not an interpreter present.  The trial court correctly concluded Villareal was not making a *Marsden* motion, but was instead discussing other issues.

4

It may be that what Villareal was seeking was a further continuance of his sentencing hearing, however, as we have noted he does not raise any issue on this appeal regarding the conduct of his sentencing hearing or the denial of a continuance.

Villareal's reliance on *Sanchez*, *supra*, 53 Cal.4th 80, to justify reversal of the judgment is misplaced. In *Sanchez*, although the court disapproved of the procedure followed by the trial court, it adopted the remedy selected by the Court of Appeal in sending the case back to conduct a *Marsden* hearing. Only if there was a showing of justification to remove trial counsel would the conviction be set aside. (*Sanchez, supra,* at pp. 92-93.) Thus the court required a showing of prejudice to justify reversal.

This case is more like *People v. Dickey* (2005) 35 Cal.4th 884, 920, which was discussed in *Sanchez, supra,* 53 Cal.4th 80. In *Dickey* the defendant had requested a substitute lawyer be appointed for a future hearing, the certainty of which had not yet occurred. The court noted that the defendant in *Dickey* had not expressed any dissatisfaction with trial counsel and thus the concern of a court failing to conduct a requested *Marsden* review did not happen.

In this case, the record is clear that Villareal did not express any dissatisfaction with the representation of his trial counsel, Mr. Bill. On the contrary, he specifically expressed his desire to be represented by Mr. Bill at the *Marsden* hearing, which took place prior to sentencing. Mr. Bill was never relieved from representation by the trial court. He was not present at the final sentencing hearing in which the court imposed the sentence, which had been agreed upon by the parties. In short, Villareal got the *additional* attorney that he requested. His counsel of choice was never replaced and the

5

defendant never complained to the trial court about the representation which he received. He has not demonstrated any prejudice from the appointment of an additional attorney.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.

McINTYRE, J.

6